## William W. Leibert *v.* Jacob R. Heitz, and James Arthur, Terre-Tenant, Appellant.

*Evidence—Appeals—Harmless error—Pleading.*

The rejection of evidence not relevant to the defense presented by the pleadings furnishes no ground for reversing a judgment.

*Evidence—Parol evidence to vary written instrument—Contract—Ground rent.*

In an action to recover arrears of ground rent, it appeared that a written contract which preceded the ground-rent deed provided that plaintiff, upon the demand of defendant, should dedicate to the city the whole bed of an adjoining street. Defendant offered to show that at the time of the execution of the contract, and as an inducement to its execution, plaintiff stated that he had a contract with adjoining owners by which they were to open the street referred to in the contract at any time upon his demand, and that he would procure them to open it at any time on defendant's request that he should do so. There was no allegation of fraud, accident or mistake, nor did the offer contain any denial of the existence of an agreement with the adjoining owners, nor any assertion by defendant of a refusal by plaintiff to demand performance of their agreement by the adjoining owners. *Held*, that the court committed no error in rejecting the offer of evidence.

*Ground rent—Set-off—Unliquidated damages.*

In an action to recover arrears of ground rent the defendant will not be permitted to set off unliquidated damages arising from the breach of an alleged agreement by the plaintiff to open, or cause to be opened, a street adjoining the land conveyed by the ground-rent deed.

Argued Jan. 12, 1898. Appeal, No. 281, Jan. T., 1899, by James Arthur, defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1897, No. 221, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover the sum of $486, six months' arrears of ground rent, due May 15, 1897.

From the record it appeared that James Arthur, the terre-tenant, was suggested of record as a defendant.

At the trial James Arthur, the terre-tenant, being on the stand, the following offer was made by his counsel:

I offer to prove by this witness that he is the terre-tenant and owner of the lot of ground mentioned in the ground-rent deed given by William W. Leibert to Jacob R. Heitz, dated May 15, 1896, under a deed from Jacob R. Heitz and wife to himself, bearing the same date; that prior to the execution of this deed there was an agreement in writing between the plaintiff and defendant, and that the said agreement provided for the conveyance by Leibert to Arthur of the lot of ground in question for the consideration of $26,600, and that the said Leibert agreed in said agreement to loan to the said James Arthur, or his assigns, the sum of $6,200, upon the ground which he was by said agreement to convey, and to be secured by reserving at the time of said conveyance a yearly ground rent of $972; that the name of Jacob R. Heitz in said conveyances was simply used as a channel of title for the purpose of reserving the said ground rent; that prior to the execution of the said agreement, and at the time of the execution thereof, and as an inducing cause for its execution by James Arthur, the said Leibert stated to the said Arthur that he had a contract in writing with the Drexel syndicate, to whom he had conveyed a tract of land adjoining the tract of land in question, whereby they agreed to open Mower street at any time upon his, Leibert's, demand, and that he, the said Leibert, would pro-

cure the Drexel syndicate to open the said Mower street at any time upon his, Arthur's, demand or request; that the said statement thus made by Leibert was the inducing cause for the said agreement, and that the said James Arthur made the said agreement upon the faith of the said statement; that subsequently, when it was ascertained by Mr. Leibert that his said agreement was not in writing, he made the statement to the said James Arthur, prior to the execution of the deed in suit, that he had such an agreement with the Drexel syndicate, and that they would open Mower street at any time upon his, Leibert's, demand, and that he, Leibert, would have the Drexel syndicate open Mower street at any time upon Mr. Arthur's demand; that the said James Arthur parted with the consideration of the said deed upon the faith of the said statement, and subsequently demanded of Mr. Leibert that he have the Drexel syndicate open the said Mower street to Carpenter street, which the said Leibert has not done; that the value of the said land without Mower street opened into Carpenter street is about $13,000, and that the value of the said land with Mower street opened into Carpenter street is about $30,000, and that the said James Arthur has been damaged by the breach of this contract on the part of Leibert in the sum of $17,000.

The Court: Offer rejected and exception. [1]

Defendant also offered to prove that at the time of the settlement and delivery of the deed upon which this suit is brought there were present, besides the plaintiff and defendant Arthur, Mr. Samuel C. Diehl and Mr. Rigby, an officer of the Land Title and Trust Company, and that it was stated by Mr. Leibert, in response to the question by Mr. Rigby whether he had yet found the agreement respecting Mower street, that he had not found it, but that it was part of his agreement to open Mower street through the ground of the Drexel syndicate when demanded by Arthur, and that the defendant, James Arthur, parted with the consideration expressed in the said deed and in the said contract relying on this statement and promise, and then and there requested Mr. Leibert to have the Drexel syndicate open the said Mower street; that upon request of Mr. Arthur subsequently the said Leibert, by his acts and writing, made an effort to have the Drexel syndicate open the said Mower

street into Carpenter street, and that by his letter to James Arthur, under date of January 21, 1897, he stated as follows:

"I have yours of the 20th inst. I am of the opinion that the letters to which Mr. Ritter refers, one to Wendell & Smith, the other to me at the time of the purchase of lot on Cresheim road, the latter of which is a myth, the other as not having been quoted as he wrote to them, has been for some object and it may be to crawl out of the position he took and as expressed by him in his letter to W. &. S.

" He now sees he is an antagonist to Drexel syndicate, whose agent he was. I declined to sell the lot unless this was conceded, the opening of Mower street, and I have no letter from Mr. Ritter declining to accede to this nor have I any recollection that any objection was made to this. The other demand made by me was to have the earth taken from the cellars of my houses erected on the lots to be placed in the hollow part of my lot. This they concluded not to accept and as soon as it was seen by me that there might be enough dirt taken from cellars of houses that might be dug on my own premises I yielded to that portion, but to the other it was never done. He has changed front and is afraid even of the copy of the letter written, as he knows he agreed with me that the syndicate was to open the street whenever demanded by me, and to sign a petition to open, as did not wish the street only put through as far as the Orphans' Home property, but to be cut through both the Orphans' Home and Garret properties, to the upper end of said street, as my object in this was two frontages on Mower street on a street cut through and open each end from Carpenter to Mount Pleasant. Make contract with a responsible person to build as he may propose conditioned for the opening of Mower street, then I will try and get it opened, and it may be I will give bond to the city for any damages sustained. It appears now as if it would be better to do this than fail to have the opening, but this is not desirable if you cannot find a purchaser for the lot. Now move in the matter at once, find your man, and I will see what can be done to help you.

" Yours,

" W. W. LEIBERT."

The Court: Offer rejected and exception. [2]

The agreement between Leibert and Arthur, dated April 24, 1896, contained a covenant by Leibert " to dedicate by deed at his own costs to the city the whole bed of Mower street, fifty feet wide, adjoining the above ground and lying between the same and other ground of the said W. W. Leibert upon demand of the said James Arthur."

In the notice of special matter given by defendant it was stated that he was induced to sign the agreement upon the promise by the plaintiff that he would procure the Drexel syndicate to dedicate the bed of Mower street to the city of Philadelphia. Nothing was said in the notice of special matter as to the opening of the street.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant, James Arthur, appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions ; (3) in giving binding instructions for plaintiff.

*Frederick J. Geiger,* for appellant.—Where the delivery of a deed is only part performance, and does not exhaust the full intent of the covenants which remain as a part of the consideration for the conveyance, a purchaser may recover on the covenants of an agreement for the sale of land: Selden v. Williams, 9 Watts, 9 ; Cox's Admrs. v. Henry, 32 Pa. 18 ; Stockton v. Gould, 149 Pa. 68 ; Close v. Zell, 141 Pa. 390 ; Lehman v. Paxton, 7 Pa. Superior Ct. 259 ; Brown v. Moorhead, 8 S. & R. 569.

Where the execution of a written agreement has been induced upon the faith of an oral stipulation, made at the time but omitted from the written agreement, though not by fraud, accident or mistake, parol evidence of the oral stipulation is admissible to add to or change the terms of the written instrument: Ferguson v. Rafferty, 128 Pa. 337 ; School Furniture Company v. Warsaw School District, 130 Pa. 76 ; Walker v. France, 112 Pa. 203 ; Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35 ; Cullmans v. Lindsay, 114 Pa. 166 ; Graver v. Scott, 80 Pa. 88 ; Powelton Coal Co. v. McShain, 75 Pa. 238 ; Johnson v. Blair, 126 Pa. 426 ; Smith v. Harvey, 4 Pa. Superior Ct. 377.

Unliquidated damages can be set off under our defalcation act : Hunt v. Gilmore, 59 Pa. 450; Halfpenny v. Bell, 82 Pa. 128; Watson v. Philadelphia, 142 Pa. 179.

The damages which a vendee has sustained are a proper subject of set-off in an action by the vendor for arrears of ground rent reserved out of the lands conveyed to the vendee, and the vendee is entitled to a certificate in his favor if such damages exceed the amount of the arrears of ground rent : Waterman on Set-Off, 11; Act of 1705, 1 Sm. Laws, 49; Com. v. Clarkson, 1 Rawle, 291; Beyer v. Fenstermacher, 2 Whart. 95; Peterson v. Haight, 3 Whart. 150; Stephens v. Weldon, 151 Pa. 520; Carmalt v. Post, 8 Watts, 406; Dreisbach's App., 17 Pa. 120; Philadelphia v. Kelly, 166 Pa. 207; Gabel & Hughes v. Parry & Randolph, 13 Pa. 181; Horter v. Cloud, 4 W. N. C. 445; Jackson v. Juvenall, 14 Pa. 519; Mangle v. Stiles, 31 Pa. 72; Nanglee v. Ingersoll, 7 Pa. 185; Ellis v. Cadwallader, 14 W. N. C. 400; Mevey's App., 4 Pa. 80; Fraley v. Steinmetz, 22 Pa. 437; Gibbs v. Smith, 1 Phila. 400; Elkinton v. Newman, 20 Pa. 281.

*William C. Hannis,* for appellee.—The appellant, not being the defendant sued in the action, and the action being to recover part of the purchase money stipulated for in the ground-rent deed, to wit: arrears of ground rent, cannot set off in this action a claim for damages against the plaintiff arising from the breach of an alleged oral representation made by the plaintiff to the appellant, and to which the defendant was not a party or entitled to any benefit therefrom : Com. v. Clarkson, 1 Rawle, 291; Darroch v. Hay, 2 Yeates, 208; Potter v. Burd, 4 W. 15; Stuart v. Com., 8 W. 75; Trennick v. Gilchrist, 81* Pa. 160; Ulrich v. Bergin, 4 W. & S. 19; Gable v. Parey, 13 Pa. 181; Beyer v. Fenstermacher, 2 Wharton, 95; Peterson v. Haight, 3 Wharton, 150.

But even if Arthur were the defendant in the action brought, which was to recover part of the purchase money stipulated for in the deed, viz : the arrears of ground rent, the nonperformance of an alleged verbal collateral promise cannot be offered in evidence by way of set-off to recover special damages in a suit to recover purchase money: Share v. Anderson, 7 S. & R. 42; Seitzinger v. Weaver, 1 R. 377; McKennan v. Doughman, 1

P. & W. 417; Mangle v. Stiles, 31 Pa. 72; Provident Life and Trust Co. v. Fiss, 147 Pa. 232.

There was a fatal variance between the allegata and the probata. The allegata was that the plaintiff had made a verbal statement to Arthur that he had an agreement with an adjoining owner that he would dedicate the bed of Mower street on his ground when requested, and that plaintiff would request him when Arthur wished him to do so. This was the allegation that the plaintiff came into court prepared to meet. The offer of proof was that the plaintiff was to procure the opening of Mower street whenever Arthur requested. This was entirely different from the allegata, and the plaintiff having no notice of the variation was not prepared to meet it: Thomas v. Mann, 28 Pa. 520.

In order to render admissible parol evidence on the ground of fraud in its procurement there must be evidence of fraud other than that which may be derived from the mere difference between the parol and the written terms: Thorn v. Warflein, 100 Pa. 519; Baer's App., 127 Pa. 370; Jessup v. Ivory, 158 Pa. 71.

The alleged oral stipulation confessedly was not omitted by accident or mistake, and therefore the case must rest on fraud only, and fraud is not to be presumed, but must be proved. There was no offer to prove any fraud: Wodock v. Robinson, 148 Pa. 503; Madore's App., 129 Pa. 15; Ott v. Oyer, 106 Pa. 7; Spencer v. Colt, 89 Pa. 314; Jackson v. Payne, 114 Pa. 67; Jones v. Backus, 114 Pa. 120; English's App., 119 Pa. 533; Dickson v. Mfg. Co., 179 Pa. 343; Graver v. Scott, 80 Pa. 88; Coal Co. v. McShain, 75 Pa. 238; Heath v. Slocum, 115 Pa. 549; Trust Co. v. Gillespie, 115 Pa. 564; Rogers v. Bemus, 69 Pa. 432; Brown v. Foster, 51 Pa. 165; McKnight v. Ratcliff, 44 Pa. 169; McGovern v. Lewis, 56 Pa. 231; Cochran v. R. R. Co., 184 Pa. 565.

OPINION BY MR. JUSTICE McCOLLUM, December 30, 1899:

This was an action of assumpsit for the recovery of arrears of ground rent. It was brought against Jacob R. Heitz to whom the deed, in which the ground rent was reserved, was made by the plaintiff. Heitz interposed no defense to the action, but James Arthur under a deed from him intervened as terre-tenant.

The plaintiff put in evidence his deed to Heitz and rested. Thereupon Arthur made two offers of evidence which were rejected, and there being no other offer made, the court directed a verdict for the amount of the plaintiff's claim. From the judgment entered on the verdict this appeal was taken.

It appears that there was a contract entered into between Leibert and Arthur on April 24, 1896, by which the former agreed to sell and the latter to buy the lot described in the deed from Leibert to Heitz and in the deed from Heitz to Arthur. The contract was prepared by Arthur and it was provided therein that Leibert, upon the demand of Arthur, should dedicate by deed at his own cost to the city the whole bed of Mower street, fifty feet wide, adjoining the lot above referred to and lying between the same and other ground of Leibert. This provision in the contract is noted herein as proper for consideration in connection with the rejected offers. It should also be noted here that it was agreed on the trial that Leibert had complied with the provisions aforesaid. The offers did not allege fraud, accident or mistake on the part of Leibert, but averred that he stated to Arthur prior to and at the time of the execution of the contract, and as an inducement to the execution of the same, that he had a contract with the Drexel syndicate by which they were to open Mower street at any time upon his demand, and that he would procure them to open it at any time on Arthur's request that he should do so. It is a singular circumstance that the party who prepared the contract with Leibert and included in it the provision hereinbefore referred to omitted from it an oral agreement which induced him to enter into said contract, and a breach of which he now alleges would entitle him to damages in the sum of $17,000, from which he could pay the arrears of the ground rent sued for, and for the balance of which he could have a certificate under the defalcation act. It is also noticeable that the rejected offers contain no denial by Arthur of the existence of an agreement by the syndicate to open Mower street, nor any assertion by Arthur of a refusal by Leibert to demand of the syndicate performance of their agreement with him. It should also be noted here that the offers of evidence were not germane to the defense set up in the notice of special matter, and that an agreement of the syndicate to dedicate to the city of Philadelphia so much of their

land as formed the bed of Mower street was not an agreement to open said street. Besides it is quite clear that the rejection of evidence not relevant to the defense presented by the pleadings furnishes no ground for reversing a judgment.

We have duly considered the rejected offers and are unable to find in them any sufficient warrant for the appellant's claim as made. There is no such measure of damages admissible in the suit as is contended for. The allowance of it might result in a set-off which would not only satisfy the arrears of ground rent sued for but would extinguish the principal. A set-off based upon unliquidated damages measured as proposed is not applicable to this action. Set-offs are allowed in order to prevent multiplicity of actions, and ought not to be allowed so as to be themselves the cause of new disputes. If allowed, they might " throw open a perpetual rent to a perpetual dispute by an unwritten alteration of its amount, and thus make set-offs to be the cause of strifes instead of a way of ending them : " Mangle v. Stiles, 31 Pa. 72 ; Provident Life and Trust Co. v. Fiss, 147 Pa. 232.

The specifications of error are overruled and the judgment is affirmed.