## Connor *v.* Schildt.

*Ground rent—Set-off—Unliquidated damages.*

In an action to recover arrears of ground rent, a set-off based on unliquidated damages cannot be allowed.

*Ground rent—Set-off—Terre-tenant.*

In an action to recover ground rent in arrears, an affidavit of defense by the terre-tenant is insufficient which avers that the plaintiff in order to better secure the ground rent had agreed to advance to the defendant a sum of money for the erection of a house on the land, and that the defendant had complied with this contract and had assigned the contract to the terre-tenant, but that the plaintiff had refused to pay the said balance, and was being sued therefor by the terre-tenant in the common pleas, without there being any averment in the affidavit that a release of liens and receipts for the payment of street improvements had ever been delivered to the plaintiff in compliance with the terms of the building contract with the defendant.

*Appeals—Judgment—Ground rents—No service on defendant.*

On an appeal from a judgment against both defendant and terre-tenant in an action for ground rent, where the record shows that no service was had upon the defendant, the Superior Court will not pass upon the effect of the judgment entered against the defendant.

Argued Oct. 11, 1900. Appeal, No. 75, Oct. T., 1900, by John E. Rafferty, from order of C. P. No. 2, Phila. Co., Sept. T., 1899, No. 59, making absolute a rule for judgment for want of a sufficient affidavit of defense, in case of Patrick Connor v. Charles Schildt, with notice to John E. Rafferty, terre-tenant. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit to recover a semiannual payment of a ground rent reserved in a deed.

From the record it appeared that the rent was reserved in the deed by Patrick Connor and wife to Charles Schildt, dated September 25, 1896.

John E. Rafferty, terre-tenant, filed an affidavit of defense which was as follows :

On September 25, 1896, plaintiff being the owner of a certain ground rent or sum of $60.00 on lot of ground on the north side of Ontario street at the distance of 243 feet westward from

the west side of " H " street, agreed with Charles Schildt, the owner of said lot, and above named defendant, for the better securing of said ground rent to contribute the sum of $600 for the erection and construction of a dwelling on said lot (a copy of the said contract is hereto annexed). Charles Schildt erected said building according to the plans and specifications, and having fully complied with his contract in all respects on December 16, 1897, assigned said contract to deponent, of which assignment the plaintiff had notice. Of said sum of $600 plaintiff contributed $430, leaving a balance of $170 which plaintiff admitted was due on the said contract, and having refused to pay the same, deponent brought suit against plaintiff, C. P. No. 4, December term, 1898, No. 459, for the recovery of said sum of $170, which suit is still pending and undetermined. On July 11, 1899, deponent tendered plaintiff in gold coin the sum of $859.01, being $830 on account of the principal of said ground rent, and $29.01 interest, which said sum plaintiff refused to accept, and which deponent now brings into court for plaintiff.

The building contract referred to in the affidavit provided that payments should be made as follows:

One hundred dollars when the first floor of joists is laid; $75.00 when the second floor of joists is laid; $75.00 when the roof is on; $75.00 when the house is plastered; $75.00 when the house is completed, and $100 when a full release of liens is signed by all the parties furnishing work or material for or about the erection of said house and delivered to said party of the second part by said party of the first, and the balance of $100 when the street improvements are made and receipts for the payment of the charges therefor are delivered to the party of the second part.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles J. Sharkey*, with him *F. Pierce Buckley*, for appellant. —Set-offs are allowed to prevent multiplicity of actions, and are admissible in suits to recover arrears of ground rent where, as here, the amount is liquidated and admitted to be due:

Leibert v. Heitz, 193 Pa. 598; Jackson v. Juvenal, 14 Pa. 519;
Mangle v. Stiles, 31 Pa. 72.

*Frank S. Christian*, for appellee.—To permit the terre-tenant
to set off as against the ground rent or the redemption money
a balance not due or payable by plaintiff, would be to compel
plaintiff by indirection to pay an amount which he does not
owe, and which the appellants here have failed to recover in a
forum of their own choosing: Mangle v. Stiles, 31 Pa. 72.

OPINION BY ORLADY, J., January 22, 1901:

This action of assumpsit is to recover a semiannual payment
of a ground rent reserved in a deed. Charles Schildt was not
served, and it is not necessary to pass on the effect of the judg-
ment entered against him since he was not in the court below
and therefore his rights are not before us on this appeal. Raf-
ferty was served as a terre-tenant and filed an affidavit of de-
fense in which he alleges that the plaintiff, being the owner of
a ground rent of $60.00 per annum on a lot of ground, agreed
with Charles Schildt, who was the owner of the lot, for the
better securing of the ground rent, to contribute the sum of
$600 for the erection and construction of a dwelling house on
said lot. A copy of the contract is attached to the affidavit of
defense. He also alleges that Charles Schildt erected the build-
ing according to the plans and specifications and, "having fully
complied with his contract in all respects," assigned it to the
deponent; and of this the plaintiff had notice. Of the sum of
$600, the plaintiff paid $430, leaving a balance of $170, pay-
ment of which having been refused, the defendant (Rafferty)
brought suit for it in the court of common pleas, which suit is
still pending and undetermined.

The court below made absolute a rule for judgment for want
of sufficient affidavit of defense, and John E. Rafferty brings
this appeal.

The ground rent was an existing obligation at the date of
the contract between Connor and Schildt, which contract speci-
fies the conditions under which Connor was to make the seven
instalments, aggregating $600. Among the payments were
"$100 when a full release of liens is signed by all the parties
furnishing work or material for or about the erection of said

house and delivered to the party of the second part by the party of the first part, and the balance of $100 when the street improvements are made and receipts for the payment of the charges therefor are delivered to the party of the second part." There is no averment of a delivery of the release and receipts mentioned, and in view of the statement of a pending and undetermined action in another forum for the sum here claimed as a set-off, the affidavit is evasive in not specifying the particular time and manner of compliance with the conditions of the contract under which he claims title: Moore v. Susquehanna Mutual Fire Ins. Co., 196 Pa. 32. The damages are not liquidated by the plaintiff's statements, and whether from the affidavit of the defendant they should be so considered, depends upon conditions, the performance of which he does not allege. A set-off based on unliquidated damages as proposed in this affidavit cannot be allowed. Set-offs are allowed in order to prevent multiplicity of suits, and should not be the cause of new disputes. If allowed, they might " throw open a perpetual rent to a perpetual dispute by an unwritten alteration of its amount, and thus make set-offs to be the cause of strifes instead of a way of ending them: " Leibert v. Heitz, 193 Pa. 590. The defendant elected before the institution of the suit to pursue another remedy in order to recover the amount he claims as a set-off in this action, and he should not complain if he is allowed to pursue it.

The judgment is affirmed.